JOHN MURGOO *v.* WILLIAM COGSWELL.

One who finds a horse, takes possession of and uses him, so that he is injured, is bound to compensate the owner for such injury.

THIS was an appeal from the marine court, where the plaintiff was nonsuited. The facts appear in the opinion.

*T. W. Smith,* for the appellant.

*Alfred Waite,* for the respondent.

By THE COURT. INGRAHAM, FIRST J.—This action is brought to recover for injuries to a horse belonging to the plaintiff, which was found and taken up by defendant. The horse was lost on the night of 1st July; came to defendant's possession on the 2d July; remained in his possession until the 8th of July, when he was returned by defendant's agent, lame and unfit for use.

The justice nonsuited the plaintiff. He does not state the ground on which such nonsuit was granted.

One who finds any species of personal property is under no obligation to take care of it. He may pass it by where he finds it, or if he takes it in his possession and lays it away, and it becomes injured by want of any special care, he is not

liable therefor. The same rule applies to a lost animal; but if the finder takes possession of such animal, and shuts him up, he would be bound to provide necessary sustenance for it. And if he goes further, and uses such animal in a way that injures him, there can be no doubt that he is bound to make compensation for the injury. The authority on which the defendant relies, sanctions these principles.

In this case the defendant was examined as a witness by the plaintiff. He stated that the horse came to his possession on the 2d July, and was in his possession all the time until the 8th, when he was sent to another stable for the plaintiff.

Other testimony establishes the fact, that the horse was used on Sunday, 6th July, by some persons, before a wagon, who were driving him at a fast gait, and then he appeared well. That when he was returned on the 8th, he was lame and unfit for use.

I am at a loss to see upon what ground the motion to dismiss the complaint was granted.

There can be no doubt that the liability exists where the finder of a horse injures him by improper use; and upon the facts there certainly was enough to require the defendant to make his defence.

His own testimony shows, that during all the time, from 2d to 8th July, when the horse was returned injured, the horse was in his possession. It is, therefore, to be presumed, that he was in use *by him or his agents* on the 6th July, about which time the injury was caused. Certainly this evidence was enough to throw on the defendant the onus of showing, that the injury was not occasioned by himself or by persons to whom he let the horse. He could have testified on this subject. If the horse was in his possession at the time, there can be no doubt but that "he or his agents, by his direction or permission, had been instrumental in producing the injury."

There can be no doubt, both upon the facts and the law, of the defendant's liability, under this evidence, unless he can show something to disprove his agency in the injury. If the injury was done by some one, without his knowledge or con-

sent, I concede he was not liable, but the plaintiff's testimony is amply sufficient to require the defendant to furnish testimony to sustain such a defence. He cannot rely on any want of proof on the part of the plaintiff.

The judgment must be reversed.